James Hull *v.* Henry Albro.

JAMES HULL *v.* HENRY ALBRO.

(No. 6,749.)

1. The non-residence of a juror will not of itself invalidate a verdict.
2. Before the jury is sworn either party has the privilege and opportunity of advising himself as to the qualification of each juror. His neglect to avail himself of such opportunity should be held as a waiver of exception as to the competency of the entire panel.

SPECIAL TERM.—On motion to set aside a verdict rendered against the defendant. The decision states the facts sufficiently.

*Thos. J. Henderson,* for plaintiff.

*R. D. and J. H. Handy,* for defendant.

STORER, J.   The principal reason assigned by the defendant, for the intervention of the court is, that one of the jurymen who tried the cause, was not competent to serve on the panel, being a resident of another State, at the time.

It is in proof that such was the fact, and the disability of the juror was unknown to the defendant or his counsel until the verdict had been rendered.   The direct question is then presented, ought the defendant's motion to prevail, when the only ground upon which it has been argued, is the incompetency of one of the jurors who tried the case.

By the first clause of section 297 of the code, we are authorized to grant a new trial for "irregularity in the proceedings of the court, jury, referee or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial." And we suppose it is by a fair construction of this clause we must either overrule or sustain the present motion.

The last portion of the clause we have quoted must relate to all the proceedings to which allusion is made, as it is the affirmation of a rule already existing, and universally adopted by courts in the exercise of judicial discretion: The theory upon which new trials are granted, is, that substantial justice has not been done, and, therefore, every irregularity occurring in the trial of the cause, which may have tended to produce such a result, may be the proper ground to set aside a verdict; but where there is no reasonable foundation for the belief, that both parties have not had a full and impartial hearing, courts are not required and ought not, for mere irregularity, to vacate any previous order or proceeding in the case.

There must be in relation to every legal objection, except ,it involves the jurisdiction of the court, a period in the history of the cause before which, if the exception is not taken,

James Hull *v.* Henry Albro.

it will be inferred it has been either waived or abandoned; for unless such a rule is admitted, judicial proceedings would never be final, there would be no other limit to technical objections, than the ability of counsel to make them.   Thus the appearance of a party, is a waiver of all defects in process, and when the privilege is personal, his answer or plea estops the defendant from denying the jurisdiction of the court before which he is sued ; so with all objections that are formal only in the pleadings, unless taken advantage of by demurrer, or motion to make the petition or answer more definite or certain, they will not be regarded upon trial or after judgment.

The reason of this course very obviously indicates the principle by which we should be governed in examining and deciding the question before us.

It is admitted that no person can be required to sit upon a jury in this court, or is competent to be summoned as one of the panel unless he is a resident of Cincinnati, and has the qualifications of an elector.   It is also very clear that before the panel is sworn, either party to the suit may inquire of each juror separately, if he has the qualifications required by law.   If this right is omitted and the trial proceeds, it would seem to be tacitly admitted, that the jurors are competent, and all objections to the contrary are waived.   It may be said, there has not been such a trial as the law contemplates, the triers not being all composed of lawful men ; but we do not understand that to be the proper sense of the term ; nor unless there has been actual injustice done, why a non-resident may not fulfill all the duties required by the statute ; he may be a good and lawful man notwithstanding he is not strictly within the meaning of the description, as defined by the act regulating the summoning of jurors.   Unless, then, the verdict is unjust, and the injustice been produced by the juror, we can not think there is any legal ground, upon which we can be asked to interfere. This we find is the principle upon which the courts have usually acted, and it seems to us to indicate the only proper

course to be pursued. This is very fully affirmed in 7 Cranch, 297, *Mima* v. *Hepburn*; J. B. Wallace, 147, *Hollingsworth* v. *Duane*; and 4 Dallas C. C. 353, where the former opinion was affirmed.

There are some dicta to the contrary, and one or two early opinions by the courts in Vermont and Connecticut; but even in those States it would seem the general rule is now admitted to be a safe and sound one.

It would produce infinite mischief in the administration of the law if a party could postpone his objections to a juror, if known at the time he was placed upon the panel, until a verdict was found; and the same reason applies equally, when the right to inquire of every member of the panel, before the trial commences, whether he is competent to sit, is omitted from neglect or intention. If the opportunity has once existed, to assert the privilege, and it is not improved, it is gone forever, unless there is evidence directly or by clear implication that injustice has been done, or a fair and impartial trial has not been had.

We are not aware that any such imputation exists in the present case.

The motion for a new trial is therefore overruled. Judgment on verdict for plaintiff.